IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LISA McCANTS,

           Plaintiff,

v.           Case No. 16-2787-DDC

CORRECT CARE SOLUTIONS, LLC and
KAY THOMPSON,

           Defendants.

## ORDER

This employment discrimination case comes before the court on the motion of the plaintiff, Lisa McCants, for relief from the directive in the Amended Scheduling Order[1] that she serve an expert-witness disclosure, in compliance with Fed. R. Civ. P. 26(a)(2)(C), for her treating physician, Vinoya K. Koduri, M.D. (ECF No. 42). Plaintiff states Dr. Koduri "will testify based upon his personal observations based on person [sic] knowledge, including treatment of Ms. McCants," and not as an expert witness.[2] Defendant Correct Care Solutions, LLC, does not oppose the motion to the extent Dr. Koduri will testify only as a lay witness, but notes that if plaintiff plans to use Dr. Koduri "to testify as to the *diagnosis and causation* of her purported hypertension and anxiety," such testimony would fall in the realm

---

[1]ECF No. 39.

[2]ECF No. 42 at 2.

O:\ORDERS\16-2787-DDC-42.wpd

of expert testimony requiring a Rule 26(a)(2)(C) summary disclosure.[3] As discussed below, plaintiff's motion is granted, but with a caution.

Fed. R. Civ. P. 26(a)(2)(A) requires a party "to disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." In 2010, sub-section (C) was added to Rule 26(a)(2) specifically to address non-retained witnesses, such as treating physicians, who "may both testify as a fact witness and also provide expert testimony."[4] Rule 26(a)(2)(C) eliminates the requirement of such "hybrid" witnesses to file a detailed written expert report[5] and instead requires only a written disclosure stating "the subject matter on which the witness is expected to testify" and "a summary of the facts and opinions to which the witness is expected to testify." Since the addition of sub-section (C), it is typical for plaintiffs to file a written disclosure for treating

---

[3]ECF No. 45 at *1 (emphasis added). Defendant Kay Thompson did not file a response to the motion and therefore is deemed not to oppose it. *See* D. Kan. Rule 7.4(b).

[4]Fed. R. Civ. P. 26(a)(2)(C) Advisory Committee Notes to 2010 Amendments ("Rule 26(a)(2)(C) is added to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions. . . . A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.")

[5]*See, e.g.,* Fed. R. Civ. P. 26(a)(2)(B).

physicians they intend to call as witnesses.[6]

Plaintiff correctly points out, however, that the Tenth Circuit recognized in *Guerrero v. Meadows* that a "treating physician does not need to be certified as an expert witness and may testify as a lay witness [under Fed. R. Evid. 701] 'if he or she testifies about observations based on personal knowledge, including the treatment of the party.'"[7] Thus, if plaintiff truly wishes to offer only Dr. Koduri's lay opinion, then plaintiff is correct that she need not produce a Rule 26(a)(2)(C) disclosure.

The court, however, cautions plaintiff that this is a risky position to take. Without a Rule 26(a)(2)(C) disclosure, it is very possible that the presiding judge will not permit Dr. Koduri to testify about the cause of plaintiff's purported hypertension and anxiety. Under Rule 701, opinion lay testimony is testimony that is "rationally based on the witness's perception," *and* (at least since the adoption of subsection (c) in 2000) *not* "based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[8] At least

---

[6]*See, e.g., Morre v. Univ. of Kan.*, No. 14-2420-SAC, 2016 WL 1261041, at *1-2 (D. Kan. March 30, 2016) (ruling non-retained treating physician must provide a Rule 26(a)(2)(C) expert disclosure even where his or her "proposed testimony includes information solely about his or her treatment [and diagnosis] of the patient"); *Hayes v. Am. Credit Acceptance LLC*, No. 13-2413, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014) (requiring Rule 26(a)(2)(C) disclosures discussing "why the treating physicians believe that the defendants' conduct caused their patients' conditions to worsen").

[7]*Guerrero v. Meadows*, 646 F. App'x 597, 602 (10th Cir. April 29, 2016) (quoting *Davoll v. Webb,* 194 F.3d 1116, 1138 (10th Cir. 1999)).

[8]The court notes that *Davoll v. Webb*, the case *Guerrero* relied upon in reaching its holding, was decided prior to the 2000 amendments to Rule 701. Subsection (c) of that rule was added "to eliminate the risk that the reliability requirements set forth in Rule 702 will

one court has recognized that "the Tenth Circuit has not defined the bounds of permissible testimony for a treating physician as a lay witness,"[9] but concluded "opinions regarding diagnosis of a medical condition are almost always expert testimony, because diagnosis requires judgment based on scientific, technical, or specialized knowledge in almost every case."[10] Should plaintiff wish to reconsider her position, the court grants her until September 11, 2017, to serve a Rule 26(a)(2)(C) disclosure for Dr. Koduri.

IT IS SO ORDERED.

Dated September 5, 2017, at Kansas City, Kansas.

    s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

be evaded through the simple expedient of proffering an expert in lay witness clothing. . . . The amendment makes clear that any part of a witness' [sic] testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements." Fed. R. Evid. 701 Advisory Committee Notes to 2000 Amendments.

[9] *Peshlakai v. Ruiz*, No. Civ. 13-0752, 2013 WL 6503629, at *18 n.8 (D.N.M. Dec. 7, 2013) (cited in *United States v. Powers*, 578 F. App'x 763, 775 (10th Cir. 2014)).

[10] *Id*. at *17 (citing *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011)). *See also Parker v. Cent. Kan. Med. Ctr.*, 178 F. Supp. 2d 1205, 1210 (D. Kan. 2001) ("Any conclusions drawn by [the treating physician] must fall within the province of a lay witness who has personal knowledge of the situation.").